**David N. DUNKLE, Plaintiff— Appellant,**

v.

**Adam ENDEL; et al., Defendants— Appellees.**

No. 02–17092.

D.C. No. CV–01–00705–HDM.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 14, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM**

Nevada state prisoner David N. Dunkle appeals pro se the district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action alleging prison officials were deliberately indifferent to his safety in watching while other inmates

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Dunkle's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

threw rocks at him. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. § 1915A for failure to state a claim, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

 Dunkle failed to state a deliberate indifference claim, because he did not allege that Officer Tallmen was aware beforehand that other inmates would throw rocks at Dunkle, *see Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (holding that to act with deliberate indifference, a prison official must be aware of facts from which he could infer the existence of a substantial risk of serious harm), and the inmates dispersed after throwing the rocks, so it was unnecessary for Officer Tallmen to intervene to protect Dunkle, *cf. Robinson v. Prunty*, 249 F.3d 862, 866–67 (9th Cir. 2001) (stating prison guards demonstrated indifference by failing to intervene when one prisoner attacked another).

 The district court properly dismissed Dunkle's claims that prison officials engaged in perjury and perpetuated a "code of silence" surrounding the rock throwing incident, because these claims failed to allege that the defendants' actions resulted in the deprivation of a constitutional right. *See McDade v. West*, 223 F.3d 1135, 1139 (9th Cir.2000).

**AFFIRMED.**